THE MOUNT AIRY HOTEL COMPANY *vs.* THE ROBERT MITCHELL FURNITURE COMPANY.

1. Pleadings are always construed most strictly against the pleader; and especially so as to an affidavit of illegality which arrests the enforcement of a judgment and execution.

(*a.*) Where suit was brought against a corporation, known as the Mount Airy Hotel Company, and the entry of service was "served the defendant with a copy of this original writ by leaving said copy with M. C. Wilcox, at the hotel at Mount Airy, Ga.," an affidavit of illegality, which did not deny that Wilcox was an officer of the company when served, but stated that service had not been perfected "by serving a copy in person upon the president, or any officer or agent of said company in person as such," was insufficient, and was properly dismissed.

2. Construing the statement in the service that it was made at "the hotel," with the statement of the case in the declaration and process against the Mount Airy Hotel Company, the meaning of the entry was that service was perfected at the hotel of that company, its place of business.

3. Especially was the dismissal of the affidavit of illegality proper, where it only stated that the affiant, the president of the company, believed that this service was not sufficient to bind the company, but did not deny full knowledge of the pendency of the suit, or assert that the defendant had any good defense, and where it appeared in connection with the motion that the president of the company dictated the entry of service, or at least, advised the sheriff concerning it.

4. Ten per cent damages are awarded for bringing the case to this court for delay.

Judgment affirmed.

February 19, 1884.

JACKSON, Chief Justice.

[A *fi. fa.* was levied upon the property of the hotel company, and the president thereof made the following affidavit of illegality :.

"Before me personally came C. H. Sutton, who, being duly sworn, says on oath that he is the president of the Mount Airy Hotel Company, and that he believes that a certain *fi. fa.*, issued from the superior court of said county, in favor of the Robert Mitchell Furniture Company *vs.* the Mount Airy Hotel Company, and now levied on the property of said company, is illegal, upon the following grounds, to wit: .

"First, there was no service of the writ in said case upon the Mount Airy Hotel Company by serving a copy in person upon the president, or any officer or agent of said company as such, nor by leaving a copy of said writ at the place of transacting the usual and ordinary public business of said company in said county, and that there was an officer of said company, residing in said county, at the time of the commencement of said suit, to-wit, the president of said company; that said corporation did not appear and plead, nor acknowledge service in any way, in said case; that, according to the return of the sheriff, the only service in said case, was by serving a copy of said writ on M. C. Wilcox, at a hotel in Mount Airy, which this deponent believes was not sufficient to bind said company by the judgment rendered in said cause."

The plaintiff's counsel demurred *ore tenus* to this affidavit. It was dismissed, and defendant excepted. In certifying the bill of exceptions, the judge added the following note:

"The office of the Mount Airy Hotel Company, by the charter, is fixed at Mount Airy, and Mr. Wilcox was an officer of the company, and the general superintendent. These facts were stated, and, as I understand, were admitted to be true; while the deputy sheriff stated that his entry of service was dictated by Judge Sutton, president of the company. With the above note, I certify the bill of exceptions to be true."]